## WEIL and others *v.* POLACK and others.

(*Circuit Court, E. D. Missouri, E. D.* May 5, 1887.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCES BY CONFESSION OF JUDGMENT.

   Under Rev. St. Mo. 1879, § 3696, authorizing a judgment by confession, a confession by an insolvent debtor of judgments to the amount of 50 per cent. of his indebtedness, not followed by a voluntary assignment, nor made in contemplation of one, is valid although it operates as a preference, and all the debtor's available property is seized to satisfy the judgments.[1]

2. COURTS—JURISDICTION—JUDGMENTS OF STATE COURT—INJUNCTION.

   Where an insolvent debtor confessed eight judgments in favor of certain of his creditors in a state court, and all his property was levied upon to satisfy such judgments, and a bill was filed in the federal courts on behalf of his other creditors, asking that such confessions of judgment be declared a general assignment, within the meaning of Rev. St. Mo. 1879, § 354, for the benefit of all the debtor's creditors, and that the sheriff who had possession of the property under executions from the state court should be decreed to be a general assignee or trustee, amenable to the orders of the court, *held,* that the relief asked could not be granted, and that the bill must be dismissed.

In Equity. On demurrer to bill.

The Revised Statutes of Missouri of 1879 provide (section 354) that—

"Every voluntary assignment of lands, tenements, goods, chattels, effects, and credits, made by a debtor to any person in trust for his creditors, shall be for the benefit of all the creditors of the assignor, in proportion to their respective claims, and every such assignment shall be proved or acknowledged and certified and recorded in the same manner as is prescribed by law in cases wherein real estate is conveyed."

The principal provision as to confessions of judgment, referred to in the opinion of the court, is as follows:

"Sec. 3696. A judgment by confession may be entered without action, either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant, or both, in the manner herein prescribed."

*A. Binswanger* and *Thomas C. Reynolds,* for complainants.
*Krum & Jonas,* for defendants.

THAYER, J. From the averments of this bill, which are admitted by the demurrer, it appears that the defendant Joseph M. Polack, being indebted to a large amount and insolvent, on January 17, 1887, executed eight confessions of judgment in favor of his co-defendants, the Commercial Bank of St. Louis, the Merchants' National Bank of Omaha, Moses Fraley, Philip Goodhart, P. J. Goodhart & Co., Alexander Polack, George Seeman, and J. H. Goodhart, with a view of giving them a preference over his other creditors. That executions were immediately issued upon said confessed judgments, under which the entire stock in trade, fixtures,

---

[1] Respecting preferences in assignments for the benefit of creditors, see Woonsocket Rubber Co. v. Falley, *ante,* 808.

and choses in action of said Polack, and also a leasehold interest in the premises occupied by said Polack, were levied upon by the defendant Henry F. Harrington, he being sheriff of the city of St. Louis.

The plaintiffs herein (suing in behalf of themselves and all other creditors of said Polack) file this bill, wherein they pray that said confessions of judgment be decreed to be for the benefit of all the creditors of said Polack in proportion to their respective claims; that the defendant Harrington may be decreed to be the custodian for all said creditors of the funds realized by the sale under the executions aforesaid; and that he be adjudged to hold the same for the benefit of all the creditors of the defendant Polack. The judgments confessed as aforesaid amount to $48,083. The other debts of said Polack aggregate $50,000, according to the averments of the bill. It does not appear that the defendant Polack executed a general assignment under the laws of the state of Missouri, unless the confessions of judgment above recited are construed as being in effect a general assignment.

From the foregoing statement, it will appear that the plaintiffs in this case invoke an application of the doctrine announced in a series of cases that have been decided by the United States circuit court for the districts of Missouri, beginning with the case of *Martin* v. *Hausman*, 14 Fed. Rep. 160, and ending with the case of *Elgin Nat. Watch Co.* v. *Meyer*, *ante*, 659, decided by Judge BREWER at the March term, 1887, of the United States circuit court for the Eastern district of Missouri.

With respect to the line of decisions above referred to, it may be remarked that the case of *Martin* v. *Hausman* involved the single question whether a certain instrument was a chattel mortgage or in effect a deed of assignment, within the fair intent of the Missouri statute concerning assignments. By the instrument in question in that case, the debtor disposed of all of his property; it passed at once and irrevocably into the custody of a trustee, to be forthwith sold, and the proceeds applied to the liquidation of the claims of two creditors. For that reason the court very properly held that the instrument was not merely a security for a debt; that it did more than to create a lien in favor of the creditor, with a right of redemption in the debtor; that, in point of fact, it was an absolute appropriation of all the debtor's property for the benefit of two creditors; and that, being an instrument of such character, it was clearly distinguishable from a mortgage, and should be classed as an assignment. That decision, however, in express language recognized the right of a debtor in Missouri, though insolvent, to prefer a creditor. The only limitation imposed upon the exercise of the right was that he could not give a preference "by an instrument conveying the whole of his property to pay one or more of his creditors," to the exclusion of others.

The next case of importance was that of *Clapp* v. *Dittman*, 21 Fed Rep. 15, 737, in which it appeared that the debtor, when insolvent, by a single conveyance had made an absolute appropriation of all of his property to the payment of a single creditor. The case was clearly within the principle of *Martin* v. *Hausman*, as the court found that the instru-

ment was not intended as a *security for a debt*, and the conveyance was accordingly decreed to be an assignment.

Following that case came the case of *Clapp* v. *Nordmeyer*, 25 Fed. Rep. 71, which case, it must be conceded, enlarged the doctrine of the previous cases. In the *Nordmeyer Case* there was a confession of judgment in favor of one creditor, followed on the same day (after an execution had been levied on the bulk of the debtor's property) by a general assignment executed subject to the lien of the confessed judgment. The court reached the conclusion that the confession of judgment and the assignment were merely successive steps in the same transaction, and that both steps were taken to accomplish but one purpose; that is to say, an assignment of all the debtor's property, with a preference in favor of one creditor. The idea which underlies this decision is that the debtor knowingly sought to evade *one* of the provisions of the voluntary assignment act, while making use of the act to distribute his property among creditors. It was accordingly held that all of the debtor's property must be ratably distributed among his creditors, disregarding the lien of the confessed judgment.

Several other cases were cited on the argument, notably *Kellog* v. *Richardson*, 19 Fed. Rep. 70; *Freund* v. *Yaegerman*, 26 Fed. Rep. 812; and *State* v. *Morse*, 27 Fed. Rep. 262. Particular stress was laid on some language used by the court in those cases. An examination of them, however, satisfies me that there was no intent on the part of the court to extend the doctrine now invoked beyond the limit reached in *Martin* v. *Hausman*, and particularly in *Clapp* v. *Nordmeyer*. In none of the cases heretofore referred to has the right to prefer creditors been denied to a Missouri debtor, whether he be at the time solvent or insolvent. Indeed, it would be impossible to deny such right in this state without ignoring a multitude of decisions upholding the privilege. The most that can be said is that the decisions in question establish the rule in the federal courts that if a debtor, on the eve of a business collapse, makes a conveyance of the whole or of the bulk of his property for the benefit of one or more creditors, to the exclusion of others, such instrument will be held to be an assignment, no matter what the debtor or his creditor may see fit to call it. There is much less reason for denying that an insolvent debtor has the right to confess judgment, even though it may operate as a preference. That right in this state rests upon an express statute, and has the same legislative sanction as the prohibition against preferences in a voluntary assignment. *Vide* Rev. St. Mo. 1879, §§ 3696–3698.

And inasmuch as men rarely confess judgments, unless they are insolvent in the sense of not being able to pay debts as they mature, it may well be assumed that the legislature had in contemplation the use that would be made by insolvent debtors of the statute concerning confessions of judgment when that act was passed. In construing the two statutes, that is to say, the one relating to judgments by confession, and the one relating to voluntary assignments, it is the plain duty of the court to so construe them that both may stand and be operative, as both are of equal

authority.   Thus far this court has only gone to the extent of holding, with respect to judgments by confession, that an insolvent debtor who intends to and does in fact avail himself of the statute concerning assignments for the purpose of distributing his property among creditors, will not be permitted to evade its just provisions against preferences by a confession of judgment executed practically at the same moment that an assignment is executed, and for no other purpose than to defeat the policy of the assignment act.   This is the full scope of the decision in *Clapp* v. *Nordmeyer*, as I understand it.

In the case now under consideration, the confessions of judgment were not followed by an assignment, nor does it appear that the debtor contemplated an assignment at the time the judgments were confessed.   There was no attempt on the part of the debtor in the case at bar (as in the *Nordmeyer Case*) to use the provisions of one statute merely for the purpose of evading the provisions of another statute, and for that reason the cases are not parallel.   The bill now before the court merely shows that an insolvent debtor availed himself of the right to confess judgment which is conferred by the statutes of this state, (leaving those judgments to be enforced in the mode prescribed by law,) and that he exercised such right under circumstances that must have been contemplated by the legislature. I am at a loss, therefore, to discover any solid ground upon which this court can intervene to prevent those judgments from being enforced in the usual manner, and as the laws of the state contemplate.

The prayer of the present bill is certainly anomalous, in that it asks the court to decree that certain judgments regularly obtained in the state court are not judgments, but instruments of an entirely different character, and in that it asks this court to interfere with process emanating from the state court for the enforcement of such judgments, and to declare that the sheriff of the city of St. Louis, who now holds funds realized upon execution under said judgments, is merely an assignee or a trustee with respect to such funds, and as such is amenable to the orders of this court. The prayer of the bill is, in my judgment, sufficient to condemn it.   Previous decisions of the federal courts in this state furnish no warrant for the claim that we can grant the relief therein demanded.   I shall accordingly order that the demurrer be sustained.